O’Neall, J.
delivered the opinion of the Court.*
In order to have enabled the plaintiff to sustain his action in this case, it was necessary, that it' should have appeared, that the words imputed to him the commission of a crime, which would have subjected him to ah infamous legal punishment. For one of the grounds of the action of slander is, that the publishing of words, which charge the plaintiff with a legal crime, may cause the suspicion to fix upon him, that he has perpetrated the crime, and thus possibly subject him to prosecution for it: another ground of the action is, ihe injury'done to his character by the charge of a crime, the consequence of which is an infamous *597 legal punishment. If words spoken, unexplained, would be actionable, but, at the time they are spoken, they are so explained, as to shew .that they impute no legal .crime, then they are not actionable, no matter,. how a witness may affect to understand them. If the words spoken are understood, by the person's who hear them, to refer to a matter not criminal, it follows, that they cannot be actionable; for both of the grounds of the action of slander are wanting. The plaintiff is in no danger of legal prosecution, nor is his character affected by words, which are not understood to impute to him a crime, for which he would be liable to suffer an infamous legal punishment. Van Rensselaer v. Dole, 1 Johns. Ca. 279. The words proved in this case, were understood by all the witnesses to relate to the oath, taken before Matthew Mims, esq. a notary public, in swearing to an account, which the plaintiff rendered in to the defendant, as administrator of David Brown, deceased. That was an extrajudicial oath, not in a course of justice, aud'one upon vihich perjury could not be assigned. The words were therefore not actionable, and the motion for a nonsuit is granted.
Colcock, J. and Johnson, J. concurred.
Nonsuit.

 vide note at page 496, ante.